## In re MELLEA.

(District Court, E. D. Michigan, S. D. April 23, 1925.)

No. 7448.

**I. Constitutional law ⊙=62, 77—Rule as to power of executive tribunal or official to make regulations, stated.**

Executive tribunal or official may constitutionally be empowered by Congress to make regulations reasonably necessary to the proper execution of a statute, so long as regulations are merely administrative in character and relate only to enforcement of statute, but cannot, constitutionally, either with or without sanction of Congress, make rule or regulation which would add to, take from, or otherwise change such statute, since such rule or regulation would be encroachment upon legislative functions.

**2. Constitutional law ⊙=77—Regulation requiring certificate of arrival to accompany declaration of intention held void as encroachment on legislative power.**

Regulation of naturalization bureau, providing that declaration of intention shall not be filed or accepted unless accompanied by certificate of arrival, *held* invalid because not authorized by Naturalization Act, §§ 1, 12, 27, 28 (Comp. St. §§ 963, 4371, 4382, 4383), and

section 4 as amended in 1910 and 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352), and therefore constituting an attempt to legislate.

At Law. Application for writ of mandamus by Pietro Mellea to require Elmer W. Voorheis, Clerk of the District Court, to file and receive declaration of intention for naturalization. Writ issued.

Frank C. Sibley, of Detroit, Mich., for petitioner.

Elmer W. Voorheis, of Detroit, Mich., in pro. per.

TUTTLE, District Judge. This is a petition filed by Pietro Mellea, an alien, as petitioner herein, for a writ of mandamus requiring Elmer W. Voorheis, clerk of this court, as respondent herein, to forthwith, and without requiring a certificate of arrival, accept from petitioner and file his declaration of intention to become a citizen of the United States. On the filing of the petition, an order to show cause why it should not be granted was entered and the cause is now before the court on said petition and order.

The allegations of the petition are: That petitioner resides, and has continuously for more than two years resided, in the city of Detroit in this district; that he is of the age of 38 years, was born in, and is a subject of, Italy, and emigrated from Naples, Italy, on the vessel Patria to the United States, and arrived at the port of New York on or about November 1, 1922; that his entry into the United States was legal, and that he has complied with all of the laws and regulations of the United States pertaining to such entry; that he is a married man, and for the last 18 months has been, and is, steadily employed with the Detroit Street Railway of the city of Detroit; that he is desirous of becoming a citizen of the United States and that on February 16, 1925, he duly requested the said respondent, clerk of this court, to receive and file petitioner's declaration of intention to become such citizen; that said respondent refused to comply with such request solely on the ground that petitioner did not furnish a certificate of his arrival in the United States, said respondent stating that such declaration of intention would not be received nor filed until and unless such certificate of arrival should be furnished to respondent by petitioner; that such action on the part of respondent is contrary to law and will impose a hardship on petitioner, as it will cause a delay of several months in the filing of said declaration of intention, since it requires that time within which to obtain such certificate, which delay is jeopardizing his position of employment and is likely to cause him irreparable injury; that he is without remedy unless this court will issue its writ of mandamus requiring said respondent to file said declaration of intention forthwith according to law; wherefore he prays the issuance of such writ.

The facts thus alleged in the petition are not disputed by respondent, and the question involved is solely one of law.

It appears that the refusal of the respondent clerk to file or accept the declaration of intention in question was prompted by, and based upon, a certain ruling, in the nature of a regulation, issued by the Naturalization Bureau on or about August 1, 1924, providing in substance that such a declaration shall not be so filed nor accepted from an alien unless accompanied by a certificate of arrival of such alien. Whether such a regulation is authorized by the applicable statutes, and is therefore valid, or is not so authorized, and is therefore invalid, is the question presented for decision.

Section 1 of the Naturalization Act (the Act of Congress of June 29, 1906, chapter 3592, 34 Statutes at Large, 596 [Comp. St. § 963] requires the Immigration Bureau to "provide, for use at the various immigration stations throughout the United States, books of record, wherein the commissioners of immigration shall cause a registry to be made in the case of each alien arriving in the United States," containing certain prescribed and specified information, including the date of arrival of said alien, and, if entered through a port the name of the vessel in which he comes, and provides that such commissioners shall "cause to be granted to such alien a certificate of such registry, with the particulars thereof." This certificate is generally known and referred to as the certificate of arrival.

Section 4 of the Naturalization Act (being the Act of Congress of June 29, 1906, chapter 3592, 34 Statutes at Large, 596, as amended by the Act of June 25, 1910, chapter 401, 36 Statutes at Large, 830, and as further amended by the Act of May 9, 1918, chapter 69, 40 Statutes at Large, 542 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352]), which is the statute governing the naturalization of aliens, provides that "an alien may be admitted to become a citizen of the United States in the following manner and not otherwise: First. He shall declare on oath before the clerk of any court au-

thorized by this act to naturalize aliens
* * * that it is bona fide his intention
to become a citizen of the United States and
to renounce forever" all allegiance to any
foreign sovereign. It is therein further pro-
vided that "such declaration shall set forth
the name, age, occupation, personal descrip-
tion, place of birth, last foreign residence
and allegiance, the date of arrival, the name
of the vessel, if any, in which he came to
the United States, and the present place of
residence in the United States of said alien."
Section 4 then proceeds as follows: "Sec-
ond. Not less than two years nor more than
seven years after he has made such declara-
tion of intention he shall make and file, in
duplicate, a petition in writing, signed by
the applicant in his own handwriting and
duly verified, in which petition such appli-
cant shall state his full name, his place of
residence (by street and number, if possi-
ble), his occupation, and, if possible, the date
and place of his birth; the place from
which he emigrated, and the date and place
of his arrival in the United States, and, if
he entered through a port, the name of the
vessel on which he arrived," and certain oth-
er information therein specified. The sec-
tion then prescribes that "at the time of
filing his petition there shall be filed with
the clerk of the court a certificate from the
Department of Commerce and Labor, if the
petitioner arrives in the United States after
the passage of this act, stating the date,
place, and manner of his arrival in the
United States, and the declaration of inten-
tion of such petitioner, which certificate and
declaration shall be attached to and made a
part of said petition." Provision is then
made for the further and subsequent pro-
ceedings prescribed for the naturalization of
the alien, but there are no other statutory
provisions relative to the requisites of the
declaration of intention, either as to the form
or substance of its contents or as to the
mode of its making or filing, except as here-
inafter mentioned.

Section 12 of the act (Comp. St. § 4371)
makes it "the duty of the clerk of each and
every court exercising jurisdiction in nat-
uralization matters under the provisions of
this act to keep and file a duplicate of each
declaration of intention made before him."

Section 27 of the act (Comp. St. § 4382)
prescribes forms for various documents, in-
cluding the required declaration of intention
and petition for naturalization, prefacing
such forms with the following provision:
"Substantially the following forms shall be
used in the proceedings to which they relate."

5 F.(2d)—44

The form prescribed for the declaration of
intention contains no reference to any cer-
tificate or other document, as being attached
thereto or otherwise. The form prescribed
for the petition for citizenship concludes
with the statement that "attached hereto and
made a part of this petition are my decla-
ration of intention to become a citizen of
the United States and the certificate from
the Department of Labor required by law."

Section 28 of the act (Comp. St. § 4383)
provides that "the Secretary of Labor shall
have power to make such rules and regula-
tions as may be necessary for properly car-
rying into execution the various provisions of
this act."

The statutory provisions just quoted in-
clude all of the statutes applicable to this
case which have been brought to my atten-
tion or discovered by me.

[1] Did the making of the departmental
regulation here in question come within the
power conferred by the last-quoted statu-
tory provision? It is settled law that while
an executive tribunal or official may consti-
tutionally be empowered by Congress to make
such regulations as are reasonably necessary
to the proper execution of a statute, so long
as such regulations are merely administra-
tive in character and relate only to the en-
forcement of the statute, yet such an execu-
tive tribunal or official cannot, constitution-
ally, either with or without the sanction of
Congress, make any rule or regulation the
effect of which would be to add to, take from,
or otherwise change such statute, for that
would be to permit the executive department
to encroach upon and usurp the function
of the legislative department, to which alone
belongs the power to legislate.

It will be noted that although the first of
the foregoing statutes governing naturaliza-
tion proceedings begins with the provision
that "an alien may be admitted to become a
citizen of the United States in the following
manner and not otherwise," yet nowhere is
there any requirement nor suggestion (nor
language from which such a requirement or
suggestion can be inferred) that a declaration
of intention must be accompanied by a so-
called certificate of arrival or by any other
document or instrument in order to entitle
the alien presenting such declaration to have
it filed. Indeed, the statutory forms pre-
scribed for the declaration of intention and
for the naturalization petition already quot-
ed would seem to remove any doubt which
might otherwise exist as to the intent of Con-
gress to permit the declaration of intention
to be filed without the coincident filing of

the certificate of arrival and to require the filing of such certificate later for the first time, as a part of the petition for naturalization when subsequently filed.

[2] After giving to the conclusion of the executive officials by whom the regulation involved was promulgated the careful consideration and respect due to the action of officers of a co-ordinate branch of the government, I cannot avoid the conclusion that such regulation is not a reasonable regulation—in fact, is not a regulation at all—within the scope of the powers of said officials, but is an attempt to legislate and, as such, is in excess of such powers and void.

For the reasons stated, the writ of mandamus will issue as prayed, and an order will be entered in accordance with the terms of this opinion.